[S. F. No. 9600.  In Bank.—September 23, 1920.]

JOHN J. VAN NOSTRAND et al., Petitioners, v. CHARLES J. COLLINS et al., Respondents.

[1] ELECTIONS—MAJORITY CANDIDATES FOR JUDICIAL OFFICE—PRINTING OF NAMES ON OFFICIAL BALLOT — CONSTRUCTION OF DIRECT PRIMARY ACT.—Where the number of majority candidates for nomination to a judicial office at a primary election falls short of the number of persons to be elected to such office, the names of such majority candidates must, in view of section 23 of the Direct Primary Act, be printed on the ballot at the ensuing general election in the same column with such number of additional names of such other candidates receiving the next highest number of votes for nomination to such office as may make the number of such additional names equal to twice the difference between the number of such majority candidates and the number to be elected, or a smaller number, if the list of said other candidates is exhausted.

APPLICATION for a Writ of Mandate to compel a board of election commissioners and a registrar of voters to print the names of majority candidates for a judicial office on the official ballot in a group separate from minority candidates. Denied.

Eight persons were to be elected to the office of judge of the superior court of the city and county of San Francisco. At the primary election the names of seventeen candidates for nomination were printed on the ballot.  The four petitioners herein, who alone received a majority of the total votes cast, commenced this proceeding to compel the board of election commissioners and the registrar of voters to print their names on the official ballot at the ensuing general election in a group separate from the names of the eight other candidates with instruction to the voters to vote for such four majority candidates and for four for the eight other candidates.

Harry I. Stafford for Petitioners.

I. Harris for Respondents.

THE COURT.—The language of the Direct Primary Act (Stats. 1913, sec. 23, p. 1379) material on this application is such as, beyond any question whatever, to sustain the position of the board of election commissioners and registrar. It is declared that "if the number of such 'majority candidates' falls short of the number of persons to be elected to such office, the names of said 'majority candidates' shall be printed on the ballot at the ensuing November election, *together with* such number of additional names only of such other candidates receiving the next highest number of votes for nomination to such office as may make the number of such additional names equal to twice the difference between the number of such 'majority candidates' and the number to be elected, or a smaller number, if the list of said other candidates is exhausted." (Italics are ours.) [1] The language is clear and unambiguous, and the courts, as well as the respondents, are bound thereby.

The application is denied.

All the Justices concurred.